**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| |
|---|
| JAMAR DEVELOPMENT, LLC, |
| Plaintiff, |
| v. |
| MODERATE INCOME MANAGEMENT COMPANY, et al., |
| Defendants. |

Civil Action No. 20-14358 (MAS) (ZNQ)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendants Moderate Income Management and Kingsbury Corporation's ("Defendants") Motion to Dismiss Plaintiff Jamar Development, LLC's ("Jamar" or "Plaintiff") Complaint, (ECF No. 19), and Plaintiff's Motion for Leave to File a Supplemental Certification, (ECF No. 26). Plaintiff opposed Defendants' Motion to Dismiss, (ECF No. 24), and Defendants replied, (ECF No. 25). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

On August 4, 2020, Defendants Kingsbury Corporation ("Kingsbury") and Moderate Income Management Company ("MIMC") removed this case from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania. (*See* Notice of Removal, ECF No. 1.) Defendants Kingsbury and MIMC then moved to dismiss the case for lack of personal jurisdiction, (ECF No. 5), and Plaintiff cross-moved to transfer venue to this District. (ECF No. 11.) The Eastern District of Pennsylvania granted Plaintiff's motion and the case was transferred to this District. (*See* ECF No. 14.)

Defendants now move to dismiss. As an initial matter, the Court notes that Defendants cite to dismissal standards under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* Defs.' Moving Br. 2, ECF No. 19-10.) As the issue of Plaintiff's compliance with the below-referenced New Jersey statutes goes to its ability to bring

this action, Defendants' motion is construed as a Motion to Dismiss for Lack of Subject-Matter Jurisdiction pursuant to Rule 12(b)(1). *See Clyde Associates, LLC v. McKesson Corp.*, No. 19-21933, 2020 WL 7778067, at *3 (D.N.J. Dec. 31, 2020).

Defendants move to dismiss on the basis that, Plaintiff, a Pennsylvania LLC, may not maintain the instant action under New Jersey law because it had not registered itself to do business in New Jersey as a foreign corporation. (Defs.' Moving Br. 4.) Defendants cite to N.J. Stat. Ann. §§ 14A:13-3(1),[1] 13-11,[2] 13-15,[3] and 13-20[4] in support of this argument. (*Id.* at 5–7.) Defendants note a previous complaint filed by Plaintiff in the Superior Court of New Jersey was dismissed on September 25, 2018, for failure to comply with the relevant statutes. (Defs.' Moving Br. 3.) In opposition, Plaintiff asserts it "obtained a certificate of authority from the State of New Jersey on

---

[1] "No foreign corporation shall have the right to transact business in this State until it shall have procured a certificate of authority so to do from the Secretary of State. A foreign corporation may be authorized to do in this State any business which may be done lawfully in this State by a domestic corporation, to the extent that it is authorized to do such business in the jurisdiction of its incorporation, but no other business." N.J. Stat. Ann. § 14A:13-3(1).

[2] "No foreign corporation transacting business in this State without a certificate of authority shall maintain any action or proceeding in any court of this State, until such corporation shall have obtained a certificate of authority. . . . In addition to any other liabilities imposed by law, a foreign corporation which transacts business in this State without a certificate of authority shall forfeit to the State a penalty of not less than $200.00, nor more than $1,000.00 for each calendar year, not more than [five] years prior thereto, in which it shall have transacted business in this State without a certificate of authority. Such penalty shall be recovered with costs in an action prosecuted by the Attorney General. The court may proceed in such action in a summary manner or otherwise." N.J. Stat. Ann. § 14A:13-11(1), (3).

[3] "Every foreign corporation which during any calendar or fiscal accounting year ending after December 31, 1973, carried on any activity or owned or maintained any property in this State, unless specifically exempted under section 3 of this act, shall be required to file a notice of business activities report." N.J. Stat. Ann. § 14A:13-15.

[4] "No foreign corporation carrying on any activity or owning or maintaining any property in this State which has not obtained a certificate of authority to do business in this State and disclaims liability for the corporation business tax and the corporation income tax shall maintain any action or proceeding in any State or Federal court in New Jersey, until such corporation shall have filed a timely notice of business activities report. The failure of a foreign corporation to file a timely report shall prevent the use of the courts in this State for all contracts executed and all causes of action that arose at any time prior to the end of the last accounting period for which the corporation failed to file a required timely report." N.J. Stat. Ann. §§ 14A:13-20(a), (b).

2

November 15, 2018," before filing this action on June 20, 2020. (Pl.'s Opp'n Br. *5,[5] ECF No. 24; *see* Certif. of Registration, Ex. C. to Smiarowski Decl., ECF No. 24-1.) Plaintiff also avers that despite "direct[ing] [Jamar's] accountants . . . to pursue the filing of all appropriate returns and back taxes[,]" in 2018, "Plaintiff believes . . . their accountant may have failed to file these documents." (Smiarowski Decl. ¶ 12.) Plaintiff states it "believes that these documents will be completed by the time this matter goes to trial." (*Id.*)

Plaintiff then filed a Motion for Leave to File a Supplemental Certification on February 3, 2021. (ECF No. 26.) Plaintiff maintains that "[c]ertain documentation and information . . . was not received and/or completed until after" Plaintiff filed its opposition to Defendant's Motion to Dismiss. (Pl.'s Mot. to file Suppl. Certif. *1, ECF No. 26.) Plaintiff requested the Court grant Plaintiff "the right to file the attached Supplemental Certification," (*id.* at *2), but failed to attach the referenced certification. The next day, Plaintiff filed its "Declaration Supplemental Certification" in which Plaintiff avers that "[a]ll required tax returns have been submitted and paid for the years 2015, 2016 and 2017." (Decl. Suppl. Certif. ¶ 9, ECF No. 28; *see* Ex. P-1 to Decl. Suppl. Certif. **4–16.) Plaintiff also avers that "[b]usiness activity reports have been completed and filed for the years 2015, 2016 and 2017." (Decl. Suppl. Certif. ¶ 10; *see* Ex. P-2 to Decl. Suppl. Certif. *17–26.) Finally, Plaintiff avers that "[n]o further tax returns or business activity reports are due the State of New Jersey as Jamar has not done any further work in the State." (Decl. Suppl. Certif. ¶ 11.) In response, Defendants argue that "Jamar could also provide some proof of payment such as a check showing that taxes were paid[.]" (Defs.' Reply 2, ECF No. 29.) Nevertheless, the Court notes that Defendants cite no additional authority for their argument that "[s]omething more

---

[5] Page numbers preceded by an asterisk refer to the page number of the ECF header.

3

has to be required." (*Id.*) Nor does it appear that Defendants' contention is supported by the relevant statutes. *See generally* N.J. Stat. Ann. §§ 14A:13-3(1), 13-11, 13-15, 13-20.

Defendants also point out that Plaintiff's reports were signed on January 20, 2021, "confirming that the Plaintiff ignored [the state court judge's] orders for several years." (Defs.' Reply at 1–2.) The district court in *Clyde Associates* recently addressed this issue, however, and noted that "[a] survey of the sparse caselaw reveals some New Jersey courts have allowed a plaintiff to cure a certificate of authority deficiency and others have not." *Clyde Assocs.*, 2020 WL 7778067, at *3. The court held that, without a "clear indication" that the plaintiff was barred from maintaining its action after it had acquired its certificate of authority, it would "follow the practice of those courts that have permitted plaintiffs to cure the deficiency during the pendency of the litigation." *Id.* at *4; *see also First Family Mortg. Corp. of Fla. v. Durham*, 528 A.2d 1288, 1294–95 (N.J. 1987) (holding N.J. Stat Ann. § 14A:13–20(b) unconstitutional as written and interpreting statute to provide that "a foreign corporation can pursue a cause of action in this state after filing an [a]ctivities [r]eport and meeting the conditions of N.J. Stat. Ann. § 14A:13–20(c)(2), regardless of whether the [r]eport was filed in the same accounting period in which the cause of action arose").

Here, the Court will do the same and, therefore, denies Defendants' Motion to Dismiss on this ground. The Court notes that Defendants concede that "[s]hould Jamar comply – as ordered years ago – then it can pursue the present case. It must file notice of business activities reports for its past, unaccounted for, business activities within New Jersey, and must also pay the required taxes. It is only upon completion of those filings . . . that it will be able to properly bring the claim in a New Jersey court." (Defs.' Moving Br. 10.)

Accordingly, for the reasons set forth above, and for other good cause shown,

IT IS on this 27th day of April 2021, **ORDERED** that:

1. Defendants' Motion to Dismiss (ECF No. 19) is **DENIED**.

2. Plaintiff's Motion for Leave to File a Supplemental Certification (ECF No. 26) is **GRANTED.**

*/s/ Michael A. Shipp*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**